**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ISABELO CARANDANG LIBROJO; GILBERT PHILIPPE CARANDANG LIBROJO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-73563 <br><br> Agency Nos. A073-956-802 <br> A073-956-803 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010**

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Jose Isabelo Carandang Librojo and Gilbert Philippe Carandang Librojo,

natives and citizens of the Philippines, petition for review of the Board of

Immigration Appeals' order summarily affirming an immigration judge's ("IJ")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, and we review de novo the agency's legal determinations. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Petitioners do not challenge the IJ's finding that they did not establish past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued are deemed waived). Substantial evidence supports the IJ's determination that petitioners did not establish a well-founded fear of future persecution because they could internally relocate, as their parents had done upon their return to the Philippines. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (safety of similarly situated family members undermined well-founded fear). Accordingly, their asylum claims fail.

Because petitioners failed to establish eligibility for asylum, they necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

07-73563